# 754-15

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 10 2015
Abel Acosta, Clerk

NO. P.D-07-54-15

## IN THE COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS U.S.A.

KEVIN RAY RANGEL
        Appellant~Petitioner,

VS.

THE STATE OF TEXAS
        Appellee~Respondent.

APPEALED FROM THE 389TH JUDICIAL DISTRICT
COURT OF HIDALGO COUNTY, TEXAS
CAUSE NO. CR-0448-13H
C.O.A. NO. 13-15-00192-CR

## PETITION FOR DISCRETIONARY REVIEW
## [WITH FEDERAL AUTHORITIES]

FILED IN
COURT OF CRIMINAL APPEALS

AUG 14 2015

Abel Acosta, Clerk

KEVIN RAY RANGEL
T.D.C.J. NO. 1878024
Petitioner, PRO SE
Assisted by the J.H. Lawyer
& Reporter of Human Rights
Violations in Texas
REYNALDO FLORES
610, KM 624
Cotulla Texas, 78014

ORAL ARGUMENT REQUESTED

i

## IDENTITY OF THE PARTIES AND COUNSELS

| | |
|---|---|
| Appellant, Petitioner | Mr. Kevin R. Ranges. |
| J.H. Lawyer for Petitioner | Mr. Reynaldo Flores |
| Retained Counsel to Convict the Petitioner at Trial. | Mr. Abel Hinojosa |
| Counsel for the State D.A. of Hidalgo County | Mr. Ricardo P. Rodriguez |
| Assistant D.A. at trial | Mr. Alfredo De La Rosa |
| Counsel for the State On Appeal | Mr. Ricardo P. Rodriguez |
| Retained Counsel to Entrap Petitioner On New Trial and On Appeal. | Mrs. Victoria Guerra Mr. Joseph A. Conniors III |
| Trial Judge Presiding | Honorable: Leticia Lopez |
| Court of Appeals 13th District of Texas, Chief Justice | Honorable: Rogelio Valdez |
| Panel Per Curiam | Nelda V. Rodriguez Dori Contrera Garza Gina M. Benavides Gregory T. Perkes Nora L. Longoria |

JUSTICES.

ii

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES AND COUNSEL     ii

TABLE OF CONTENTS     iii

INDEX OF AUTHORITIES     IV, V

STATEMENT REGARDING ORAL ARGUMENT     1

STATEMENT OF THE CASE     2, 3

STATEMENT OF PROCEDURAL HISTORY     4

GROUND FOR REVIEW OR QUESTION FOR REVIEW     6~15

I. GROUND FOR REVIEW OR QUESTION FOR REVIEW ONE
Violation of Petitioner's 4th, 5th and 6th Amends.
through the Exclusionary Rule, when a court impro-
perly admits evidence in violation of the exclusio-
nary Rule the courts finding must be reversed.

II. GROUND FOR REVIEW OR QUESTION FOR REVIEW TWO
The State willfully used false evidence and witnesses
in an invidious, selective and vindictive prosecution,
violating Petitioner's Due Process of Law under 5th
and 14th Amends. U.S.C.A. and Art. I §10 of the Texas
Constitution.

III. GROUND FOR REVIEW OR QUESTION FOR REVIEW THREE
Violation of Petitioner's Double Jeopardy Clause
under the 5th and 14th Amends., which states that
no person shall be subject for the same offense to
be twice put in Jeopardy of Life or Limb.

IV. GROUND FOR REVIEW OR QUESTION FOR REVIEW FOUR
Violation of Petitioner's 6th Amendment U.S.C.A. and
as applicable to the state through the 14th Amend.,
which provides that in all criminal prosecutions the
accused shall enjoy the right to have assistance of
counsel for his defense.

ARGUMENT     9~15

PRAYER FOR RELIEF     16

APPENDIX     17

CERTIFICATE OF SERVICE AND COMPLIANCE     18

# INDEX OF AUTHORITIES

Abney V. U.S. 431 U.S. 651, 658-59 (1977)    4

Banks V. Dretke, 540 U.S. 668, 692 (2004)    12

Blackledge V. Perry, 417 U.S. 21, 28-29 (1974)    6

Bordenkircher V. Hayes, 434 U.S. 357, 363 (1978)    6

Blockburger V. U.S. 284 U.S. 299, 52 S.Ct. 180 (1932)    13

Brady V. Md., 373 U.S. 83, S.Ct. 1194 (1963)    12

Castaneda V. Partida, 430 U.S. 482, 495-96 (1977)    7

Cuyler V. Sullivan, 446 U.S. 335, 349-50 (1980)    8, 14

Dep't of Revenue of M.O. V. Kurt Ranch, 511 U.S. 767, 769, n.1 (1994)    7

Ex Parte Hanson, 2013 WL 831183 (TX Crim APP March, 6 2013    1

Ex Parte Hobbs, 393 S.W.3d 780 (TX Crim. 2013)    1

Ex Parte Smith, 2013 WL 831359 (TX Crim. APP. March, 6 2013    1

Ex Parte Turner, 394 S.W.3d 513 (TX Crim. APP. 2013)    1

Flores V. San Antonio Police Dep't, U.S. Appeal No. 14-50061 (Fifth Cir. Dec. 10 2014)    6

Franks V. Delaware, 438 U.S. 254, 155-56, 171-72 (1978)    6

Gerstein V. Pugh, 420 U.S. 103, 116 (1975)    11

Hodge V. U.S. 554 F.3d 372 (3d Cir. 2009)    3

Houston V. Lack, 487 U.S. 266, 286 (1988)    5

Mickens V. Taylor, 535 U.S. 162, 166 (2002)    14

Ohio V. Johnson, 467 U.S. 493, 498 (1984)    2

Padilla V. KY., 130 S.Ct. 1473, 1480-81 (2010)    8

Ronald Wilson V. State, 227 S.W.3d 446 (TX APP. San Antonio 2007)    11

Smith V. Johnson, 216 F.3d 521, 523 (6th Cir. 2000)    4

Strickland V. Washington, 466 U.S. 668, 692 (1984)    8, 14

Strickler V. Greene, 527 U.S. 263, 281-82 (1999)    12

Thomas V. State, 841 S.W.2d 399 (TX Crim. APP. 1992)    12

U.S. V. Calandra, 414 U.S. 338, 348 (1974)    9

U.S. V. Cronic, 466 U.S. 648, 659 n.25 (1984)    14

U.S. V. Dixon, 509 U.S. 688, 113 S.Ct. 2849 (1993)    13

U.S. V. West, 520 F.3d 604, 610-11 (6th Cir. 2008)    9

Waite V. U.S. 470 U.S. 598, 608 (1985)    7

Yarborough V. Gentry, 540 U.S. 1, 5 (2003)    8

## RULES AND STATUTES

Art. 2.21 T.C.C.P.                                          4
Comity Rule                                                 1
Exclusionary Rule                                     6, 9, 11
Prison Mail Box Rule                                        5
Tex. Disc. Rules of Prof. Conduct                          14

## TREATIES - COVENANTS

the Convention Against Torture                              4

# STATEMENT REGARDING ORAL ARGUMENT

On January 15th, 2014, the Texas court of Criminal Appeals modified its early decisions in which it had presumed that evidence handled by a forensic scientist who engaged in misconduct was false and material.

Jonathan Salvador was a Laboratory technician at the Houston Police Department's Crime Lab. During his six-year tenure, he committed professional misconduct by engaging in "dry labbing," in which "results are actually arrived at by guesswork or using evidence or results from another analysis. This individual was involved at least in 4,944 cases and wrongful convictions for which the courts were flooded with habeas petitions based on Salvador's misconduct. See. Ex parte Turner, 394 S.W. 3d 513 (Tx. Crim. App. 2013); Ex parte Smith, 2013 WL 831359 (Tx. Crim. App. March 6, 2013); Ex parte Hinson, 2013 WL 831183 (Tex. Crim. App. March 6. 2013); and Ex parte Hobbs, 393 S.W. 3d 780 (Tx. Crim. App. 2013)

In similar circumstances several thousand of innocents are serving life in prison as a "fruit of the poisonous-tree", invidious-selective and vindictive prosecutions.

The concealed compelling evidence in Mr. RANGEL's conviction demand oral argument and evidentiary hearing, in order to address the gross offensive violation to his constitutional rights and customary genocide practices of Hidalgo county court system.

This is not a matter of comity Rule, rather that genocides, crimes against humanity and aggression, against our vulnerable society, that will be addressed before the International Criminal Court in the Hague, Netherlands. E.U.

# STATEMENT OF THE CASE

Appellant-Petitioner, KEVIN RAY RANGEL, was falsely accused by his ex-wife and biological mother of the alleged victim, Ms. Adriana Trevino, by the offense of <u>Indecency with a Child</u>, orchestrated by Mr. Jese Trevino and family members. The allegations were investigated twice, by the Texas Department of Family Service and Social Worker, <u>MYRA VILLEGAS</u> and subsequent closed out on May 20th 2011 and on September 20th 2011.

On or about September 30th 2011, at 4:04 A.M. the federal convicted felon, and former Sheriff of Hidalgo County, Texas, Guadalupe Trevino, without probable cause, or reasonable suspicion, rendered an arrest warrant against Mr. Rangel, imposing him U.S. $30,000.00 Bail, e.g. <u>Appendix A.; Exhibit A</u>

On February 23rd 2012, Mr. Rangel, was indicted by the Offense of <u>Indecency With a Child</u>, to his daughter, allegedly occurred on August 15th, 2011. e.g., <u>Exhibit B</u>

In retaliation for petitioner's refusal to plea out, Mr. Rangel, without defense counsel, was tried not to the original charges to the indictment, but for 5 different counts in Case NO. CR-0448-13-H in clear invidious-selective prosecution, and insisted jury trial of ignorant jurors, pre-selected by the State and trial court, Leticia Lopez, acting in criminal cahoot with the retained counsel; Abel Hinojosa resulting in an outrageous double jeopardy and ex-post facto conviction, prohibited by the 5th and 14th Amendments U.S.C.A., and Article Section 14 of the Texas Constitution.

On May 21st 2013, Mr. Rangel, was sentenced to three convictions of seven years each, for the alleged offense of indecency with a child, allegedly occurred on August 15th 2011. <u>Ohio v. Johson</u>, 467 U.S. 493, 498 (1984).

On May 21st 2013, in Clear Vindictive Prosecution, Mr. Rangel, was also Convicted and Sentenced to two additional Counts and Charges never mentioned in the Original Indictment. However, Mr. Rangel received two additional Sentences or three years imprisonment.

The Conspirator Counsel, Abel Hinojosa, with deliberate indifference, for Petitioner's Bill of Rights and with evil intent to injure Mr. Rangel, failed to file a Notice of Appeal. Hodge V. U.S. 554 F.3d 372 (3rd Cir. 2009)

## STATEMENT OF PROCEDURAL HISTORY

On June 20th 2013, Mr. Rangel transmitted through the retained Counsel[s], Victoria Guerra and Joseph A. Connors, III., to the Trial Court with copy to the District Attorney a timely filed Defendant's Motion for New Trial and Request for Hearing, that should be construed as a timely Notice of Appeal. e.g., Appendix B., pp# 3

The retained Counsel[s] instead to discharge their duties for which they were hired, acted in Connivance, cahoot with the State, by Failing to set a hearing for said Motion, Ordering his transferring from Hidalgo County Jail, to four (4) different facilities in Texas Prisons, to be hidden and torture, in order to justify the dismissal of this Appeal for Lack of Jurisdiction in disregard for the Convention Against Torture.

The Supreme Court has held that denials of Five Types of Motions are immediately appealable under the collateral Order doctrine, including double Jeopardy grounds. See Abney V. U.S., 431 U.S. 651, 658-59(1977) However, due to egregious conduct of the State and trial Court the Statutes of Limitations in Mr. Rangel's Appeal does not apply and is tolled, by the State and Federal tolling provision, Smith V. Johnson, 216 F.3d 521,523 (5th Cir. 2000)

Mr. Rangel's Family with due diligent; tried to update Petitioner's Appeal, for over twenty (20) months, but the retained Counsels refused to give a reasonable explanation guarding the Phone calls. In the same way the trial Court's Clerk, Laura Hinojosa, refused to discharge her duty imposed by Art. 22.1. C.C.A.

On February 27th 2015, Finally Mr. Rangel had access to Law Library and Jailhouse Lawyers, for which, he filed his Motion to obtain Record, which was denied by the District Attorney as last decision maker. e.g. Appendix C.

4

On or about April 21st 2015, with excusable neglect Filed his "late Notice Of Appeal" in Cause NO. 13-15-00192-CR., e.g., Appendix D.

On May 7th 2015, the appellate court in complete disregard for the Record, which clearly reflects, a timely Motion For New Trial, that should be construed as a timely Notice Of Appeal dismissed the appeal for want of Jurisdiction. e.g., Appendices B; E

On May 13th 2015, Mr. Rangel was furnished by the appellate Court, with a copy of the Mandate Opinion dated May 7th 2015. In disregard by Rules 48.1 and 48.4 Tx. R. App. Proc.

Pursuant to Prison Mail Box Rule[1] and Rule 49.1 Tx. R. App. Proc., Mr. Rangel timely Filed his Motion For Rehearing or Objection Memorandum Opinion within 15 days after the court handed down to Mr. Rangel the Memorandum Opinion, and the timely deposited Motion For Rehearing, in the Prison Mail Box dated May 13th 2015 - May 28th 2015. respectively e.g., Appendix F.

Certainly the appellate court clerk, received the Motion For Rehearing on June 5th 2015 and Denied it on June 9th 2015. in disregard for the Prison Mail Box Rule.

Petitioner Filed his Motion to Extend time to File this Petition For Discretionary Review on June 19th 2015.

[1] Houston v. Lack, 487 U.S. 266, 286 (1988) Notice of appeal was Filed at the time Petitioner delivered it to Prison authorities For Forwarding to the court clerk

5

## GROUND FOR REVIEW OR QUESTION FOR REVIEW ONE

Under the Exclusionary Rule, evidence obtained in violation of the 4th, 5th or 6th Amendments may not be introduced at trial to support a defendant's guilt. This case is based on a deliberate and reckless false affidavit given by the biological mother of the alleged victim and her family, which was twice ruled out by the Texas Department of Family Services, in cases NO. 39084527 and NO. 40277936 and signed by; Myra L. Villegas, 2520 N. Closner Blvd, Edinburg, Tx., 78541-6502 (956) 802-6352.

The detective in charge, without probable cause or reasonable suspicion fabricated the false police report in disregard for the truth and long criminal record of the outcry witnesses; Adriana Trevino, Jessie Trevino and family members. e.g., Franks V. Delaware. 438 U.S. 154, 155-56, 171-72 (1978); Flores V. San Antonio Police Dept. et al, U.S. Court of Appeals 5th Cir. Case No. 14-50061. In both cases the police fabricated charges of Aggravated Kidnapping and Sexual Assault and obtained by coercion a search consent, that later was found to be defective, lacking probable cause.

## GROUND FOR REVIEW OR QUESTION FOR REVIEW TWO

Vindictive Prosecution. The Due Process Prohibits a Prosecutor from using criminal charges in an attempt to penalize a defendant's valid exercise of constitutional or statutory rights. The records in this case show that Mr. Rangel was indicted to one count to an alleged offense of indecency with a child, allegedly occurred on August 15th, 2011. Petitioner in the exercise of his Seventh Amendment, invoked his right to jury trial, and in clear vindictiveness, the State acting in criminal cahoot with the trial counsel and trial court, fabricated double jeopardy and severa charges; in order to obtain multiple punishments for the same false charges. Bordenkircher V. Hayes 434 U.S. 357, 363 (1978); Blackledge V. Perry, 417 U.S. 21, 28-29 (1974). Due Process violated when

6

defendant prosecuted for more serious charges after successful appeal of conviction.

Selective Prosecution. Prosecutions that are deliberately based on defendant's race, religion, national origin or on other arbitrary classifications, including a defendant's choice to exercise protective legal rights, can constitute equal protection violations. Wayte v. U.S. 470 U.S. 598, 608 (1985)

Mr. Rangel, in clear discriminatory fashion, as a Mexican American, in the free exercise of his Bill of Rights, without any evidence to support the false allegations, was maliciously convicted in the customary infested Jury Trial, and egregious conduct of both State and Trial Counsels. Castañeda v. Partida, 430 U.S. 482, 495-96 (1977) (Mexican-Americans a distinctive group)

## GROUND FOR REVIEW OR QUESTION FOR REVIEW THREE

The Double Jeopardy clause of the Fifth Amendment states that no person shall be subject for the same offense to be twice put in Jeopardy of life or limb. The clause protects against (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after a conviction; and (3) multiple punishment for the same offense.

The available records in this case show that Mr. Rangel, was punished 3 times for the same alleged offense to counts I, II and III to the Indictment allegedly occurred on August 15th 2011.

In addition to the outrageous-conspiratorial conviction, petitioner, was fined US $649.00 in court costs. Which also constitutes Double Jeopardy clause violation. The "Prohibition of Double Jeopardy applies not only to "life or limb" but also to imprisonment and monetary penalties. See Dep't of Revenue V. Kurt Ranch, 511 U.S. 767, 769 n.1 (1994).

7

## GROUND FOR REVIEW OR QUESTION FOR REVIEW FOUR

Ineffective Assistance of Counsel. The Sixth Amendment guarantees the right to effective assistance of Counsel in Criminal prosecutions. See; Yarborough v. Gentry, 540 U.S. 1, 5 (2003)(per curiam) Padilla v. Ky., 130 S.Ct. 1473, 1480-81 (2010) 6th Amendment right to counsel is right to effective counsel.

In addition to the grounds preserved in the timely filed Motion for New Trial: the retained counsel, Abel Hinojosa, either ignores the basic principal of law or acted in clear conflict of interest. In Cuyler v. Sullivan, infra, the Supreme Court ruled that a defendant can demonstrate a Sixth Amendment violation by showing; (1) that the counsel was actively representing conflicting interest, and (2) the conflict had an adverse effect on specific aspects of counsel's performance.

The aforementioned requirements are fulfilled in Mr. Rangel's Conviction (1) the charges to the original indictment never mentioned any crime committed On September 1st 2010 or September 1st 2011 or even multiple crimes in the same date, August 15th 2011. The deficient and incompetent counsel, Abel Hinojosa, acting in criminal cahoot with the state failed to filed the proper Motion to Quash Indictment. Motion to suppress the false evidence and statements or cross examine the Dutchy witnesses, that possess a long criminal history. (2) Therefore the adverse effect and undeniable egregious Double Jeopardy conviction and multiple punishments due to the undeniable deficient counsel's performance.

Strickland v. Washington, 466 U.S. 668, 692 (1984) right to effective assistance of counsel impaired when defense counsel operates under conflict of interest because counsel breaches the duty of loyalty, Perhaps the most basic of counsel's duties.

8

# ARGUMENT

EXCLUSIONARY RULE. The Purpose of the Exclusionary Rule is to deter Police Misconduct. U.S. V. Calandra, 414 U.S. 338, 348 (1974) Exclusionary Rule is a Judicially Created remedy which safeguards individual 4th Amendment rights by deterring Police Misconduct.

The Supreme Court has identified Five Situations in which Police reliance on a warrant is not Objectively reasonable. (1) when a magistrate issues a warrant based on a deliberately and recklessly false Affidavit, (2) when a magistrate fails to act in a neutral and detached manner, (3) when a warrant is based on an Affidavit "So Lacking in indicia Probable Cause as to render official belief in its existence entirely unreasonable (4) when a warrant is so facially deficient that no reasonable officer could believe it to be valid and (5) when Police recklessly maintain or knowingly enter false information into a warrant database to enable future arrests. U.S. V. West, 520 F.3d 604, 610-11 (6th cir. 2008) warrant facially deficient because based on hearsay information that did not establish whether wrongdoing occurred and thus, failed to establish whether evidence would be found in defendant's residence.

In Rangel's case[2] his illegal arrest and seizure was based on a reckless false Affidavit given by Adriana Treviño and Jessie Treviño, who possess a long criminal history of violence, drugs, etc. Said individuals, in an effort to recover the custody of the alleged victim, without legal opportunity to prove the false allegations, due to the lack of physical or scientific evidence, fabricated the allegations of indecency with a child, which was twice ruled out by the Texas Department of

---

2. In absence of developed record the Motion For New Trial Filed on June 20th 2013 will be cited as MNT.

9

Family Services: First on May 31st 2011, in Case No. 39084527 and Second on November 18th 2011, in Case No. 40277936 and twice signed by MAYRA L. VILLEGAS.

The detective in charge had access to said records, and knowing that the Outcry witnesses are not credibles, not solely for their criminal record, but also for the continuous harassment campaign against Mr. Rangel. e.g., On Monday, May 14th 2012, the Outcry witness, Adriana Trevino in incident No. 1202092, at Hidalgo County, Texas, was arrested for Stalking Mr. Rangel. Ms. Trevino was wanted out of Hidalgo County Sheriff's Office for Parole violation.

On Monday April 16th 2007, in incident No. 7001461 Adriana Trevino, was charged by the offense of forgery of check from Texas State Bank, for a total amount of $792.00. The alleged victim was Ms. Simona Trevino. Adriana Trevino, was indicted by counts (3) and confessed to the theft of the checks.

On Friday July 27th 2007, at about 17:58 pm in incident No. 7002891, both Adriana Trevino and Jesse Trevino, retaliated against Mr. Rangel, by hit on Mr. Rangel's Vehicle and run.

On Saturday, April 22nd 2006, at about 11:39 am. in incident No. 6002343 at Hidalgo County Texas. Adriana Trevino (D.O.B. 02/04/85) left unsupervised her son, who was walking on the side walk, this incident was reported to C.P.S. by officer Solis Bdg# 3678.

On Tuesday January 9th 2007, at 8:41 am. in in incident # 7000097, Adriana Trevino, wanted to kill herself, as reported by her grandmother; Simona Trevino and Officer, J.R. Villarreal Bdg # 206.

On Tuesday, August 15th 2006, at 11:59 am. in incident # 6004031 at Hidalgo County, Texas Adriana Trevino, committed the offense of theft.

On the other hand, the investigator, Alfredo Avila, knowingly and with evil intent to injure the petitioner, concealed the extensive criminal record of the Trevino's family members in order to justify Mr. Rangel' arrest and seizure.

Because the arresting officers lacked any indicia of probable cause, or even reasonable suspicion, and the detective Alfredo Avila; recklessly and knowingly entered a racially deficient warrant based on false affidavits given by the Trevino family members. Clearly and undoubtedly the arresting officers, violated Petitioners 4th Amendment.

In Ronald Wilson v. State, 227 S.W. 3d 446 (Tx App. San Antonio 2007) the detective in charge willfully planted false evidence in a murder case for which Mr. Wilson was convicted to 25 years imprisonment. See also Franks v. Delaware, 438 U.S. at 156 (1978) Explaining that the court must declare the warrant invalid and suppress evidence seized during the unlawful search.

## Gerstein Hearing

In Gerstein v. Pugh, the Supreme Court held that Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restrain of liberty following arrest. 420 U.S. at 114. The evidence and record show that Mr. Rangel, never received any Gerstein or Franks Hearing in disregard for his 5th Amendment. Furthermore there is nothing in the record showing any motion hearing, rather than the clear entrapment and subsequent conviction in disregard for Petitioners clearly establish 6th Amendment.

Because the conspiratorial actions of the Hidalgo County Sheriff, the convicted felon "Guadalupe Trevino" and local law enforcement, Hidalgo County D.A., trial counsel and trial judge "Leticia Lopez" clearly violated the Exclusionary Rule, this court must overturn this conviction. Ordering Petitioner release from captivity.

11

# DUE PROCESS CLAUSE VIOLATION

Article V of the U.S. Constitution requires disclosure of exculpatory evidence and mitigating evidence under the doctrine of Brady v. Md., 373 U.S. 83, S.ct. 1194, (1963). The State violated this right when;

(1) There has been a request and failure to disclose

(2) Evidence favorable to defendant.

(3) the evidence must have been willfully or inadvertently suppressed by the State, and;

(4) the evidence creates a probability sufficient to undermine the confidence in the outcome of the proceedings. Thomas v. State, 841 S.W. 2d 399 (Tx Crim. App. 1992) including Confidential Crime Stoppers information. Banks v. Dretke, 540 U.S. 668, 692 (2004) quoting; Strickler v. Greene, 527 U.S. 263, 281-82 (1999)

The entire record will reflects that the State, willfully violated Mr. Rangel's Due Process of law initially by failing to disclose the identity of the witnesses with an extensive criminal history; Second by Villegas who twice ruled out the allegations fabricated by the insane Adriana Trevino, on May 31st 2011, and November 18th 2011. The allegations to the to the Indictment and subsequent, vindictive prosecution and a Double Jeopardy courts conviction, are the result of a flagrant Due Process Clause Violation, obstruction of Justice and neglect to Prevent the irreparable injuries; inflicted to Mr. Rangel and his family.

Therefore, the denial of his records, the arbitrary transferring to 4 different Texas prison facilities; the continuous denial of access to courts and subsequent denial of his Appeal and motion for rehearing simply show, the customary evil Practice of the State and Conspirator parties to to obtain and affirm convictions by any mean of deception~ brutality, which constitute Due Process Violation of the most basic sort. e.g. EXHIBITS A~G.

## MULTIPLE PROSECUTION FOR SINGLE OR RELATED ACT

Double Jeopardy is prohibited is+ in the U.S. Constitution, Amendments 5th and 14th, and in the Texas Constitution, Article 1 Sec. 14, Because this involves Constitutional issues, a violation of a state statute that requires such motion be filed at a certain time, should not prevent subsequent consideration of the issue.

In other words Mr. Rangel is not, procedural barred. to raise the double Jeopardy grounds, simply because the state and criminal parties, possess license to torture and convict innocents.

However, the matter in ground three, is the undeniable multiple punishments to the alleged offense to the indictment, to Counts I, II and III, allegedly occurred on August 15th 2011. For which Mr. Rangel was sentenced to 21 years imprisonment.

to determine whether the state is attempting to punish an accused twice, for the same offense, the court must examine each of the statutes to determine whether each requires proof of an additional element that the other does not. This is known as the Blockburger Test. Blockburger V. U.S., 284 U.S. 299, 52 S.Ct. 180 (1932) readopted in U.S. V. Dixon, 509 U.S. 688, 113 S.Ct. 2849 (1993).

However, the allegations of the State made on before November 18th 2011, were ruled out by C.P.S. and Myra L. Villegas. rendering the allegations of September 2010 - September 2011. A whole fabrication, supported by the statements of the outcry witnesses with an extensive criminal history and ignorant jurors composed by public employees, unable to understand the U.S. Constitution and basic principals of law.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Abel Hinojosa, is the racketeer counsel, who was hired by Mr. Rangel family, to represent the petitioner, in his criminal case. Said individual, in disregard for his duty of loyalty as imposed by the Texas Government code and the Texas Disciplinary Rules of Professional Conduct, conspired with the State and Trial Court to ambush Mr. Rangel, when he refused to plea out, for the false allegations to the Indictment allegedly occurred on August 15th 2011. And in clear retaliation and vindictive-selective Prosecution Mr. Rangel was tried not for one, but for 5 counts and charges never mentioned in any portion, count or paragraph to the Indictment. e.g. Exhibit B, Appendix A

In other words Mr. Rangel was not represented by counsel during the entire proceeding, and this violation is enough to overturn this outrageous conviction. (MWT PP# 1-3)

Pursuant the holding in Strickland V. Washington and U.S. V. Cronic, in which the Supreme Court reversed and remanded both cases on the same day, the court identified several situations in which prejudice from deficient performance could be presumed without an specific showing. Id. at 659 n.25, the Cronic court noted that when the trial court process "losses its character between adversaries, the constitutional guarantee is violated. In Mr. Rangel conviction, said Constitutional guarantee was violated when Mr. Hinojosa, denied Mr. Rangel assistance of counsel during the entirely and critical stage of the proceeding. Mickens V. Taylor, 535 US 162, 166 (2002).

Prejudice was clear, when Hinojosa, was burdened by an actual conflict of interest, altogether with an actual constructive denial of assistance of counsel, Cuyler V. Sullivan, Supra.

14

In addition to the aforementioned allegations and by incorporating the concealed grounds in the timely Filed <u>Motion For New Trial</u> Page 1~3; the U.S. Supreme court holding and two step standard in addressing ineffective assistance of Counsel, this Court of Criminal Appeals of Texas, should conclude that the deficient and conspiratorial Performance of both trial and appellate Counsels, were highly Prejudice, therefore this Court should overturn this Outrageous Conviction and order Petitioner release from Captivity.

15

# PRAYER FOR RELIEF

Because the evidence and facts in this P.D.R. demonstrate by preponderance of evidence that the Petitioner was ambushed by the State, Trial, and Appellate Counsels, acting in Criminal Cahoot with the Trial Court and Appellate Court, in an infested Jury Trial and continuous egregious violation of Petitioner's Bill of Rights, his fundamental Civil and Human Rights [28 U.S.C. § 2254(a)] guarantee by the U.S. Constitution, the Universal Declaration of Human Rights, the Convention Against Torture and supposedly by the Texas Constitution and law. Petitioner Prays to this Court of Criminal Appeals of Texas, Grant this P.D.R., Ordering his immediate/s release from Captivity and Overturn this Outrageous; Double Jeopardy and Ex Post Facto Conviction.

On Petitioner's Behalf

Reynaldo Flores
T.D.C.J. NO. 1912036

Kevin Ray Rangel
T.D.C.J. NO. 1878024
610 FM 624
Cotulla TX 78014

16

# APPENDICES

Appendix A      Exhibit A, Personal Bond
     Exhibit B, True Bill of
     Indictment

Appendix B      Defendant's Motion For New
     Trial And Request For Hearing

Appendix C      Motion to Obtain Clerk's Record
     And Reporter's Record

Appendix D      Appellant's Late Notice of
     Appeal Filed on April 21st
     2015.

Appendix E      Memorandum Opinion

Appendix F      Objection to Memorandum
     Opinion Construe as Motion
     For Rehearing

Appendix G      Motion For Rehearing Filed
     Motion For Rehearing Denied

## CERTIFICATE OF SERVICE

I, KEVIN RAY RANGEL, currently incarcerated in T.D.C.J. Cotulla Unit, Certify that on this the Fourth day of August 2015, Pursuant to Prison Mail Box Rule, and the U.S. Supreme Court holding in Houston V. Lack, 487 U.S. 266 276 (1988) a true and Correct Copy of the foregoing Petition for Discretionary Review was timely Filed-transmitted to the Clerk, ABEL ACOSTA, Court of Criminal Appeals of Texas, P.O. Box 12308, Capitol Station, Austin Texas 78711. Via U.S. Postal Service First Class. Pursuant to 28 U.S.C. Section 1746, and in Compliance withe Texas Rules of Appellate Procedure.

On Appellant's Behalf

REYNALDO FLORES
NO. 1912036
J.H. Lawyer.

Dated August 4th 2015

KEVIN RAY RANGEL
T.D.C.J. NO. 1878024
610 FM 624
Cotulla Texas 78014

18

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Hidalgo, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the January Term A.D. 2012 of the _____139_____ Judicial District Court for said County, upon their oaths present in and to said court at said term that *KEVIN RAY RANGEL* hereinafter styled Defendant, on or about the 15th day of August A.D., 2011, and before the presentment of this indictment, in Hidalgo County, Texas, did then and there, with the intent to arouse or gratify the sexual desire of the Defendant, intentionally or knowingly engage in sexual contact Kasedy by causing Kasedy to touch part of the genitals of the defendant;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Leticia Glover_
FOREPERSON OF THE GRAND JURY

No. CR-727-12-H    Arrest Date:  09/30/11 Agency:  HIDALGO COUNTY SHERIFF
By: IDA Case No.  11-16685    Bond: $    $30000.00
State of Texas vs. **KEVIN RAY RANGEL**
Charge    INDECENCY WITH A CHILD

314226

FILED
AT _____ O'CLOCK _____M
FEB 23 2012
LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By_____Deputy

782195

Case# GS11-9-330   TRN#: 9177391438   PID: 34286

Cause #: CR-727-12-H

State of Texas
VS.
Kevin R Rangel   DOB: 9/24/86

## *Personal-Bond*

### KNOW ALL MEN-BY THESE PRESENTS:

Kevin R. Rangel _____ is charged with a Felony with the offense of:
Indic. w/a child. _____ and hold and firmly bound unto all State of Texas throug
the city of Edinburg, Texas in the penal sum o Thirty Thousand _____ Dollars
( 30,000. ⁰⁰ ) for the payment of which sum, well and truly to be made, and In addition
all necessary and reasonable fees and expenses that may be Incurred by the peace officers in rearresting m
In the event the conditions of this bond are violated, I do bind myself, My heirs, executors and administrators,
jointly and severally by the presents.
I swear that I will appear before the County/District Court at the Hidalgo County Courthouse
100 North Closner, Edinburg, Hidalgo County, Texas, Instanter or upon by the Court, or pay to the court th
Principal sum -of Thirty Thousand _____ Dollars ( 30,000. ⁰⁰ )
plus all necessary and reasonable expenses Incurred in any at for failure to appea

Signed this 7th Day of Oct. 2011

_____
Magistrate
Hidalgo County, Texas

Kevin Rangel

---

Written ORDER from: _____   Approved By Officer Enrique Munoz BB# 7100
Defendant's Mailing Address RT. 7 Box 762 MERCEDES, TX 78570 Phone 472-0659
Defendant's Physical Addres _____
Place of Employmen SELF EMPLOYED _____ Phone _____
Date of Birth 9-24-86  Place of Birth (City/State) WESLACO, TX
DL State TX   DL# 23510345   SS# 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
Nearest Relative VALENTINA MUNOZ UNK WESLACO,TX Phone 563-1052

Appendix A: Exhibit A

Docket Number: GS11-9-330

| THE STATE OF TEXAS | * | IN THE JUSTICE OF THE PEACE |
|---|---|---|
| VS. | * | PCT. 1, PLACE 1 |
| KEVIN R. RANGEL | * | HIDALGO COUNTY, TEXAS |

## BOND REDUCTION ORDER

On this 7th Day of October, 2011, came on to be heard the defendant's motion for reduction of bond.

After due consideration of the court, the court is of the opinion that the bond heretofore set in the amount of $ 30, 000.00 C/S should be reduced to $30,000.00 PR.

It is therefore ordered that the bond heretofore set on KEVIN R. RANGEL be in all things reduced to $ 30,000.00 PR.

Entered on this the 7th day of October, 2011.

JUDGE PRESIDING
Justice of the Peace PCT. 1, PL. 1
Hidalgo County, Texas

Verified
w/ the
Nori
JP 1-1
9 3535
10/7/11



File No. GS11-9-330

Case Number: 11-39213

## THE STATE OF TEXAS

**To any Peace Officer of the State of Texas,
Greeting:**

You are hereby commanded to arrest: *Kevin Rangel* DOB 09/24/86 if found in your county and bring him/ her before me, a Justice of the Peace in and for Precinct __/__, Place __/__, of Hidalgo County, Texas in my office at _Weslaco_ in said County, Immediately, then and there to answer The State of Texas for an offense against the laws of said State, to wit: Offense: **Indecency with child T.P.C. 21.11 / 2nd Degree Felony (FBI 36010001)** of which offense he/ she is accused by a written complaint, under oath of Investigator **Alfredo Avila** for the State of Texas, complaint filed before me.

Herein Fail Not, but of this writ make due return, showing how you have executed the same.

Witness my Official signature, this ____ day of _Sept._, 2011.

_[signature]_
_____
Justice of the Peace Pct. __/__ Pl. __/__
Hidalgo County, Texas

---

## SHERIFF'S or CONSTABLE RETURN

Came to hand the _30th_ day of _Sept._, 2011 at _2:00_ o'clock _P_ m, and executed on the _30th_ day of _Sept._, 2011 at _4:04_ o'clock _P_ m., by arresting the within named *Kevin Rangel* at _Mercedes_ in Hidalgo County, Texas and taking his/ her bond, placing him/ her in jail at the Hidalgo County Adult Detention Center.

I actually and necessarily traveled __0__ miles in the service of this writ in addition to any other mileage I may have traveled in the service of the other process in this cause during the same trip.

FEES:

| | | |
|---|---|---|
| Making arrest | $ | 50 |
| Mileage | $ | 0 |
| Taking Bond | $ | 10 |
| Commitment | $ | 5 |
| Release | $ | 0 |
| Total | $ | 65 |

GUADALUPE "LUPE" TREVIÑO, SHERIFF
HIDALGO COUNTY, TEXAS

BY _[signature]_ , DEPUTY
#2283

---

## COMMITMENT

Justice of the Peace Pct. __/__ Pl. __/__
Hidalgo County, Texas

File: GS11-9-330

The State of Texas VS *Kevin Rangel*

**TO THE HONORABLE SHERIFF OF HIDALGO COUNTY, TEXAS
GREETINGS:**

YOU ARE ORDERED to receive and place in your jail in Hidalgo County, Texas *Kevin Rangel* who is charged with the offense **Indecency with child T.P.C. 21.11 / 2nd Degree Felony (FBI 36010001)** filed in the County Court.

Said Defendant is being held to appear INSTANTER before any court, which may acquire jurisdiction over this case. The amount of bail on said Defendant is hereby set in the amount of $_80,000.00 CTS_. If the Defendant shall make his/ her bail and give security therefore, to be approved by you, conditioned that he will appear and answer before the proper Court for the accusation brought against him/ her, he/ she shall be released, as required by law, otherwise, he/ she shall be held by you in your custody pursuant to this order.

Signed this _30th_ day of _Sept._, 2011 A.D.

_[signature]_
_____
Magistrate, Hidalgo County, Texas

FILED/COPY
AT_____O'CLOCK____M

JUN 20 2013
LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By_____Deputy#47

CR-0448-13-H (ALL COUNTS)

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 389TH JUDICIAL DISTRICT |
| | § | |
| KEVIN RAY RANGEL | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S MOTION FOR NEW TRIAL
## AND REQUEST FOR HEARING THEREON

MAY IT PLEASE THE COURT:

COMES NOW the Kevin Ray Rangel, Defendant in above styled cause, by and through his attorneys of record Victoria Guerra and Joseph A. Connors III. Mr. Rangel requests that this Court set this matter for hearing, set aside all five judgments, render an order of acquittal of the defendant of all five judgments, and / or grant a new trial. Mr. Rangel requests that this Court take judicial notice of all matters on file with this Court, including but not limited to this motion and all of the attachments. Mr. Rangel further requests that this Court take judicial notice of all testimony and evidence admitted for the jury or court. Mr. Rangel also requests that this Court take judicial notice of the profession norms and obligations applicable to criminal defense counsel in (a) investigating facts and law applicable so as to be able to adequately participate in a contested jury trial at guilt / innocence phase; (b) investigating facts and law applicable so as to be able to adequately participate in a contested sentencing trial before the court only; (c) investigating facts and law applicable so as to be able to communicate with and fully prepare any felony client-defendant to knowingly, intelligently, and voluntarily accept or reject State's offered plea bargain; (d) investigating and preparing law to get defense facts before fact-finder despite objections from court and/or DA; (e) investigating and preparing law to stop DA from committing misconduct before jury in presenting witnesses or other evidence; (f) investigating and preparing federal constitutional law to show to the trial court so client-defendant can present

*Rangel MNT 1*

*e.g. Appendix B*

his theory of defense to the jury; and (g) investigating, preparing,- and stating of record what are the defensive trial strategies and other required objections and statements to be able to preserve for appellate review, each prejudicial or harmful error made by the court on its own motion or in sustaining DA's objections or in overruling defense objections or in prohibiting defense from asking any material questions to a witness in front of the jury. Mr. Rangel would show the following:

## GROUNDS

1. In the interest of justice

2. Defendant received ineffective assistance of counsel:

a. Defense counsel failed to investigate the law and the facts, and failed to relay to Mr. Rangel all of the material facts and evidence contained within the DA's file, including the CAC interview video and the CPS report, which resulted in Mr. Rangel's rejection of the State's final plea bargain offer of the State without being fully informed by the lawyer, in violation of the 6th Amendment to the United States Constitution, and as applicable to the States, incorporated in the 14th Amendment to the United States Constitution.

b. Defense counsel failed to investigate the law and the facts which resulted in ineffective representation at the sentencing stage by not calling witnesses on Mr. Rangel's behalf, by not offering, and having admitted into evidence certain photographs and letters, in violation of the 6th Amendment to the United States Constitution, and as applicable to the States, incorporated in the 14th Amendment to the United States Constitution.

c. Defendant's trial counsel was ineffective by not laying the proper foundation in making the CPS records admissible to the jury by not asking the proper predicate and foundation questions so that they would be admissible to the jury, in violation of the 6th Amendment to the

*Rangel MNT 2*

United States Constitution, and as applicable to the States, incorporated in the 14th Amendment to the United States Constitution.

d. Defendant's trial counsel was ineffective in failing to request the Court to have an in camera pre-trial review of the CPS records that had exculpatory and impeaching evidence contained within those records, in violation of the 6th Amendment to the United States Constitution, and as applicable to the States, incorporated in the 14th Amendment to the United States Constitution.

e. Defendant's trial counsel was ineffective in failing to object to each extraneous offense and bad act presented by the DA at trial, in violation of the 6th Amendment to the United States Constitution, and as applicable to the States, incorporated in the 14th Amendment to the United States Constitution.

## INEFFECTIVE ASSISTANCE OF COUNSEL

A. **Note:** At the onset, it is noted that the time requirements for filing and presenting a motion for new trial make it virtually impossible for appellate counsel to adequately present an ineffective assistance claim to the trial court. *See* TEX. R. APP. P. 21.4 (requiring motion for new trial to be filed no later than 30 days after trial court imposes sentence). At the motion for new trial stage, the certified record is not available at such an early stage because it often takes several months for that to be completed. It is noted that the undersigned counsel were able to obtain a rough draft transcripts of the trial testimony for guilt and sentencing stages on June 10, 2013, but not of the entire trial proceedings. The family has run out of funds and could not afford a full certified transcript. Mr. Rangel hereby preserves for appeal any other issues of ineffective assistance that were not raised in this motion due to the above restriction. *See Robinson v. State*, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000) (holding that while expansion of

*Rangel MNT 3*

the record may be acocmplished in a motion for new trial, ,that vehicle is often inadequate because of time constraints and because the trial record has generally not been transscribed at this point); *see also Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (same).

**B. Standard of Review:** Claims of ineffective assistance of counsel may appropriately be raised in a motion for new trial. *See Smith v. State*, 286 S.W.3d 333, 340–41 (Tex. Crim. App. 2009). Under *Strickland v. Washington*, a defendant seeking to challenge counsel's representation must establish that his counsel's performance (1) was deficient, and (2) prejudiced his defense. *Strickland*, 466 U.S. at 687; *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *Ex parte McFarland*, 163 S.W.3d 743, 753-54 (Tex. Crim. App. 2005). To show deficiency "the appellant must prove by a preponderance of the evidence that his counsel's representation objectively fell below the standard of professional norms." *Mitchell*, 68 S.W.3d at 642; *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Cr. App. 1996). *See also Ex parte McFarland*, 163 S.W.3d at 753 (explaining that counsel's conduct was deficient if he failed to act as "'a reasonably competent attorney' would have under the circumstances"). And to show prejudice, the appellant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "Reasonable probability" is a "probability sufficient to undermine confidence in the outcome," meaning "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 694; *Mitchell*, 68 S.W.3d at 644. Before he will be entitled to a hearing on his motion for new trial alleging ineffective assistance of counsel, a defendant must allege sufficient facts from which a trial court could reasonably conclude *both* that counsel failed to act as a reasonably competent attorney *and* that, but for

counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different. *Cooks v. State*, 240 S.W.3d 906, 912 (Tex. Crim. App. 2007).

Whether this test has been met is to be judged on appeal by the totality of the representation, not by isolated acts or omissions. *See Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet).  The appellant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (tex. Crim. App. 1999); *Munoz v. State*, 24 S.W.3d 427, 434 (Tex. App.—Corpus Christi 2000, no pet.).

> **C. Trial counsel was ineffective in failing to properly investigate the law and facts because Mr. Rangel was unaware of evidence contained in the DA file at that crucial time that he had to make a decision of whether to plea guilty or not guilty in violation of the 6th Amendment to the United States Constitution, and as applicable to the States, incorporated in the 14th Amendment to the United States Constitution.**

Among defense counsel's duties is that of making an independent investigation of the facts of his client's case. *See Ex parte Ewing*, 570 S.W. 2d 941, 947 (Tex. Crim. App. 1983). An attorney must acquaint himself not only with the law but also the facts of a case before he can render reasonably effective assistance of counsel. *See Flores v. State*, 576 S.W.2d 632 Tex. Crim. App. 1979) (holding that it is counsel's responsibility to investigate, and not the investigator's responsibility). *See also Butler v. State*, 716 S.W.2d 48, 56 (Tex. Crim. App. 1986) (affirming order by court of appeals reversing appellant's conviction for aggravated robbery because defense counsel's representation fell below an objective standard of reasonableness and was prejudicial to appellant when counsel failed to acquaint himself with the facts by personally interviewing potential witnesses or by acquainting himself with what his investigator or associate learned while interviewing that witness, and failing to place before the jury crucial evidence that he did not know existed as a result of his failure to investigate).

*Rangel MNT 5*

Attached hereto, and incorporated herein for all intents and purposes, is Mr. Rangel's unsworn declaration wherein he states that his defense counsel did not explain to him the evidence contained within the DA's file. Mr. Hinojosa told Mr. Rangel several times that there was no statement of accused. However, Mr. Rangel insisted that he had given a statement to Inv. Avila of the Hidalgo County Sheriff's Office. Had defense counsel read that statement in advance, or received a copy thereto as allowed by Texas Code Criminal Procedure 39.14(a), defense counsel would have been more prepared to respond to the introduction of said statement at trial by the ADA and he could have better prepared Mr. Rangel on how to respond to questions by the ADA in order to avoid inconsistencies. Defense counsel did make a request for said statement in a discovery motion. However, Mr. Rangel heard from defense counsel that Mr. Rangel did not make a statement even though Mr. Rangel told defense counsel of the existence of his statement.

Further, defense counsel did not inform Mr. Rangel of the content of the "video" which would have been the CAC interview of KR. Also, defense counsel did not obtain a copy of the CAC interview, which was his right to do as a matter of State law by previously decided cases. However, defense counsel did not seek a court order requesting that a copy of the CAC video be given to him. He failed to provide an blank CDRom to the ADA to obtain a copy.

It would be important for defense counsel to view that video, which would be a good determiner of what KR's testimony was going to be in trial. To say the least, that video was condemning of Mr. Rangel. It would be important for Mr. Rangel to know that before deciding to have a jury trial where such condemning evidence would be presented to convict him. Instead, Mr. Rangel was told by Mr. Hinojosa that the case was a "hearsay" case.

Further, Mr. Rangel states that he was not advised by Mr. Hinojosa that a State witness, CPS worker Ms. Villegas would testify that Mr. Rangel had admitted to her that he had masturbated in bed while KR was in the bed with him.

It was crucial for Mr. Rangel to know that all of this condemning evidence was probably going to be presented to a jury, and that based on that evidence, a conviction of one or more of the counts would likely result. Lacking this important information prior to deciding whether to accept the State's plea offer means that Mr. Rangel's decision to go forward with the jury trial was based on defense counsel's advice which lacked vital information due to his failure to investigate the facts and law in this case. As such, defense counsel's actions in failing to fully investigate the facts and law in this case and to convey this information to Mr. Rangel so that he can make an informed decision on plea bargain offers, was deficient under the professional norms and duties owed to Mr. Rangel. It is noted that the criminal defense attorney must have knowledge of an extensive body of substantive and procedural principles. As an adviser, the criminal defense attorney must guide a client-defendant between a negotiated plea and the risk of a more adverse result through a trial. The criminal defense attorney must discuss with this client-defendant each offered negotiated plea, for such plea bargain may be more acceptable than the risk of conviction of a more serious crime or lengthy sentence. This, the defense counsel failed to do for his failure to investigate the facts and evidence contained within the DA's office file.

As to the second prong of *Strickland*, that Mr. Rangel's defense is prejudiced as a result of defense counsel's failure to properly investigation the facts and law resulting in Mr. Rangel's rejection of the State's good plea offer, Mr. Rangel must show a reasonable probability that: (1) he would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to

accept the plea bargain. *See Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). Mr. Rangel's attached affidavit establishes that had he known all of the condemning evidence that was contained in the DA's file, he would have accepted the State's plea offer of 5 years deferred adjudication on the third degree felony of indecency by exposure. Further, the Hidalgo County District Attorney's Office is reputed as upstanding, honest, and diligent in always making sure that justice is done, and it would have been out of character for the State to have withdrawn said offer. The limited record that the undersigned have access to at this point and time does not reflect that the State intended to withdraw said offer. Lastly, this Court, reputed of always upholding the law and basing its decisions on the facts and law presented before it, accepts more plea bargains than not, and rarely rejects plea bargains made by the parties. Clearly, Mr. Rangel's defense is prejudice. He will now have to serve a prison sentence rather than enjoy the freedoms that the State's plea bargain offer would have offered.

**D. Defense counsel failed to investigate the law and the facts which resulted in ineffective representation at the sentencing stage by not calling witnesses on Mr. Rangel's behalf, by not offering, and having admitted into evidence certain photographs in violation of the 6th Amendment to the United States Constitution, and as applicable to the States, incorporated in the 14th Amendment to the United States Constitution.**

To show that the failure to call witnesses amounted to ineffective assistance, the appellant must show that the witnesses would have testified in his behalf and would have been available to testify. *See Hunnicutt v. State,* 531 S.W.2d 618, 625 (Tex. Crim. App. 1976), *overruled on other grounds by Hurley v. State*, 606 S.W.2d 887 (Tex. Crim. App. 1980); *Lanum v. State*, 952 S.W.2d 36, 40 (Tex. App.—San Antonio 1997, no pet.); *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983).

Attached hereto and incorporated herein are reference letters in support of Mr. Rangel. These witnesses would have been called to testify had defense counsel operated in an effective

manner talking to these witesses and / or issuing subpoenaes for their presence at sentencing. Mr. Rangel states that these witnesses would have appeared at trial to testify had he requested them to. But Mr. Rangel did not know he had that right because his attorney did not inform him of that right to present other evvidene at the sentencing stage. The Court probably would have heard their testimony, which is refelected in the attached letters, and could have given Mr. Rangel a much lower sentence than what he received.

Likewise, it would have been important for this Court to view the attached pictures which are referenced in Mr. Rangel's unsworn declaration. Texas Code of Criminal Procedure 42.12, sec. 9(a) provides the factors that a court can consider in rendering its sentence. Even though a PSI was not neceessary required under Texas Code of Criminal Procedure article 42.12, sec. 9(g), the Court nevertheless should have considered all of these factors in assessing a fair and just sentence. These attached pictures reflect happy children, including KR, Mr. Rangel's ex-wife, and her family.

Therefore, defense counsel was deficient in failing to investigate the issues set forth in Texas Code of Criminal Procedure art. 42.12, sec. 9(a), failing to present the witnesses as reflected in the attached letters to support said factors of section 9(a), and failed to offer and have admitted into evidence, the photographs, which Mr. Rangel has authenticated in his unsworn declaration.

**E. Defendant's trial counsel was ineffective by not laying the proper foundation in making the CPS records admissible to the jury by not asking the proper predicate and foundation questions so that they would be admissible to the jury in violation of the 6th Amendment to the United States Constitution, and as applicable to the States, incorporated in the 14th Amendment to the United States Constitution.**

Texas Rules of Evidence 803(6) refers to manner in which business records of regularly conducted activity can be admitted into evidence. (Making reference to TRE 902(10) which

consists of the necessary predicate for the admissibility of said records). During the course of the trial, defense counsel unsuccessfully attempted to offer into evidence certain documents from CPS through the cross examination of the CPS worker Ms. Villegas. Said records would have shown that Mr. Rangel's CPS cases were ruled out on two occasion, which is clearly favorable to Mr. Rangel. Additionally, had defense counsel properly investigated the facts, and thoroughly read the DA's file, he would have seen exculpatory and impeachment evidence to support Mr. Rangel's defense where it stated:

> CPS has ruled out allegations of sexual abuse victim by defendant. Disposition reached based on: (1) KR denied she'd been touched by biological father and denied that biological father knew she was awake. (2) defendant admitted to masturbating while on the phone during night and KR was in bed. (3) Defendant denied intentionally exposing his daughter and stated he assumed she was asleep for. (4) Defendant agreed to not sleep in the same room as KR and understood she needed her own bed. (5) Defendant did not intentionally expose KR to sexual conduct that was harmful to her mental, emotional, or physical welfare.

It was important for the jury to hear this information. It would have shown that KR was prone to lying or changing her story, and it would have directly to her credibility, which is solely within the province of the jury. Had the jury seen these CPS records, it would have called KR's credibility into question, would have shown that CPS had "ruled out" these allegations twice in the past, and it would have seen Mr. Rangel's good compliance with the requirements set forth by CPS. Therefore, defense counsel was ineffective in failing to properly lay the foundation or predicate for the admission of said records. Further, defense counsel was ineffective in failing to make an offer of proof of said documents.

**F. Defendant's trial counsel was ineffective in failing to request the Court to have an in camera review of the CPS records that had exculpatory and impeaching evidence contained within those records in violation of the 6th Amendment to the United States Constitution, and as applicable to the States, incorporated in the 14th Amendment to the United States Constitution.**

Under *Pa. v. Richie,* 480 U.S. 39 (1987), the United States Supreme Court set for the standard by which effective defense counsels must operate when the State is in possession of exculpatory and / or impeachment evidence. It holds that defense counsel must file a motion requesting an *in camera* inspection of documents that are confidential under State law. The trial court then is to make a ruling on the admissibility of said recoreds, while maintaining the confidentiality of the records.

Defense counsel fell below the acceptable stands for effective counsels by failing to file said motion to request an *in camera* inspection of the CPS records. If this Court had conducted an inspection of the records, the Court would have seen the importance of said exculpatory and / or impeachment evidence because said recoreds would have shown that KR's credibility was questionable and it would have seen Mr. Rangel's good compliance with the requirements set forth by CPS. The records showing that the CPS cases against Mr. Rangel were ruled out on two occasions are attached hereto "under seal", and incorporated herein for all intents and purposes. Mr. Rangel is now requesting that this Court conduct an *in camera* inspection for purposes of this hearing for motion for new trial, so that it can determine what other exculpatory and / or impeachment evidence was contained within the CPS report.

As such, defense counsel's performance was deficient and was prejudicial to Mr. Rangel's defense because the jury did not get to hear that the child had previously denied that Mr. Rangel had ever touched her, that CPS had ruled out these allegations brought against Mr. Rangel on two prior occasions, and that Mr. Rangel was fully compliant with CPS. Again, the jury is the determiner of credibility, but could not fairly make this determination because defense counsel was deficient.

**G. Defendant was ineffective in failing to object to any extraneous offenses and hearsay presented by the DA at trial, in violation of the 6th Amendment**

**to the United States Constitution, and as applicable to the States, incorporated in the 14th Amendment to the United States Constitution.**

Defense counsel was ineffective in failing to objection to the admission evidence pertaining to extraneous offenses brought forth by the DA. One particular extraneous offense dealt with pornography. Pornography was not relevant to the offenses of indecency by contact or indecency by exposure. By failing to object to said evidence, the jury heard said evidence and convicted Mr. Rangel on all five counts even though there was no pornography located at Mr. Rangel's home. Inv. Avila testified that he was specifically looking for "child porn." However, there was no such evidence even remotely found at the house. The DA went further, and led the jury to believe that the Defendant was aware of KR's allegation that Mr. Rangel was showing her pornography, and that he had plenty of time to clean up his house of pornography. Without objection by defense counsel, the jury heard that evidence, which left a lasting impression in their minds, and which resulted in the conviction of the Mr. Rangel.

Defense counsel should have: objected to the admission of said evidence or testimony; should have asked the trial court to disregard said evidence; and should have requested that said evidence be stricken from the record. Instead, the jury was left with the lasting impression that Mr. Rangel possess or engages in child pornography, or that he shows his child pornography, a charge for which he was not indicted, and which is not relevant to the present case. If the jury had not heard said evidence, they would not have been so inclined to convict Mr. Rangel.

## IN THE INTEREST OF JUSTICE

*State v. Gonzalez*, 855 S.W.2d 692, 694-696 (Tex. Crim. App. 1993) determined "abuse of discretion" is the proper standard of appellate review under art. 44.01(a)(3), V.A.C.C.P., and held trial court has authority to grant a motion for new trial "in the interest of justice", for State did not controvert evidence that witness was unavailable to testify at trial's

*Rangel MNT 12*

penalty phase. In *Gonzalez*, 855 S.W.2d at 694, the court said: "For more than one hundred and twenty years, our trial judges have had the discretion to grant new trials in the interest of justice." In *Mullins v. State*, 37 Tex. 337, 339-340 (1872-73), the Supreme Court, which at that time had criminal jurisdiction, held: "The discretion of the District Court, in granting new trials, is almost the only protection to the citizen against the illegal or oppressive verdicts of prejudiced, careless, or ignorant juries, and we think the District Court should never hesitate to use that discretion whenever the ends of justice have not been attained by those verdicts."

Therefore, "in the interest of justice," Mr. Rangel is requesting that this Court exercise its broad discretion in granting Mr. Rangel's Motion for New Trial.

Respectfully submitted,

Law Office of Victoria Guerra
320 W. Pecan Blvd.
McAllen, TX 78501
(956) 618-2609
(956) 618-2553 (fax)

By: _____

Victoria Guerra
State Bar Number: 08578900

Joseph A. Connors III
P.O. Box 5838
McAllen, Texas 78502-5838
Tel. 956-687-8218
Fax 956-687-8230
State Bar No. 04705400
Attorneys for Kevin Ray Rangel

*Rangel MNT 13*

## CERTIFICATE OF SERVICE

A copy of the foregoing motion for new trial was delivered to the ADA assigned to the 389th District Court via U.S. Mail on this 20th day of June, 2013.

_____
Victoria Guerra

*Rangel MNT 14*

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | 389TH JUDICIAL DISTRICT |
| | § | |
| KEVIN RAY RANGEL | § | HIDALGO COUNTY, TEXAS |

## ORDER SETTING HEARING

Defendant Kevin Ray Rangel's Motion for New Trial is set for the _____ day of

_____, 2013 at ____:00 / 30 in the 389th District

Court of Hidalgo County, Texas.

SIGNED this ____ day of _____, 2013.


_____
Hon. Letty Lopez

*Rangel MNT 15*

CHIEF JUSTICE
  ROGELIO VALDEZ

JUSTICES
  NELDA V. RODRIGUEZ
  DORI CONTRERAS GARZA
  GINA M. BENAVIDES
  GREGORY T. PERKES
  NORA L. LONGORIA

CLERK
  DORIAN E. RAMIREZ

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL)
956-318-2403 (FAX)

www.txcourts.gov/13thcoa



# Court of Appeals

## Thirteenth District of Texas

April 21, 2015

Mr. Kevin Ray Rangel
TDCJ# 1878024
Cotulla Unit
610 FM 624
Cotulla, TX 78024

Re:     Cause No. 13-15-00192-CR
Tr.Ct.No. CR-0448-13-H
Style:   Kevin Ray Rangel v. The State of Texas

Dear Mr. Rangel:

     The appellant's notice of appeal in the above cause was filed in this Court on April 20, 2015. Appeals and original proceedings in this Court are governed by the Texas Rules of Appellate Procedure. The parties to this cause should review the rules and ensure that their filings meet the requirements of the rules. The parties should also review information regarding the Court's policies and procedures which can be found on the Court's website at http://www.txcourts.gov/13thcoa.aspx. The Court's website includes a wide variety of useful links and specific information about matters such as fees, motions, the alternative dispute resolution program, oral argument, and access to appellate records.

     Under the recent amendments to the appellate rules, effective January 1, 2014, all attorneys in civil and criminal cases are required to file all documents (except a document submitted under seal or subject to a motion to seal) with the Court through the eFileTexas.gov electronic filing system. Parties not represented by an attorney are strongly encouraged to e-file documents, but e-filing is not required. An e-filer is not required to file any paper copies of an e-filed document unless specifically requested by the Court. All e-filed documents must conform to Rule 9 of the Texas Rules of Appellate Procedure. If a party is not required to e-file a document, the original and one unbound copy of the document should be filed. See id. R. 9.3(a)(1). All documents, e-filed or submitted in paper, must be redacted in compliance with Rule 9, see id. R. 9.9, 9.10, and e-filed briefs must follow the Texas Supreme Court's Redaction Guidelines.

Very truly yours,

Dorian E. Ramirez, Clerk

DER:am

e.J. Appendix D.

cc:    Hon. Laura Hinojosa (DELIVERED VIA E-MAIL)
       Ms. Gabriela Silva (DELIVERED VIA E-MAIL)
       Hon. Ricardo P. Rodriguez (DELIVERED VIA E-MAIL)



# THE THIRTEENTH COURT OF APPEALS

## 13-15-00192-CR

Kevin Ray Rangel
v.
The State of Texas

On appeal from the
389th District Court of Hidalgo County, Texas
Trial Cause No. CR-0448-13-H

## JUDGMENT

THE THIRTEENTH COURT OF APPEALS, having considered this cause on appeal, concludes the appeal should be dismissed. The Court orders the appeal DISMISSED FOR WANT OF JURISDISTION in accordance with its opinion.

We further order this decision certified below for observance.

May 7, 2015.

*Appendix E*

**NUMBER 13-15-00192-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**KEVIN RAY RANGEL**,           **Appellant,**

**v.**

**THE STATE OF TEXAS**,           **Appellee.**

---

**On appeal from the 389th District Court
of Hidalgo County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, Kevin Ray Rangel, attempted to perfect an appeal from a conviction for indecency with a child. The trial court imposed sentence in this matter on May 21, 2013. Appellant filed a "Late Notice of Appeal" on April 20, 2015. We dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olive v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent

**CHIEF JUSTICE**
ROGELIO VALDEZ

**JUSTICES**
NELDA V. RODRIGUEZ
DORI CONTRERAS GARZA
GINA M. BENAVIDES
GREGORY T. PERKES
NORA L. LONGORIA

**CLERK**
DORIAN E. RAMIREZ



## Court of Appeals

### Thirteenth District of Texas

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL)
956-318-2403 (FAX)

www.txcourts.gov/13thcoa

May 07, 2015

Hon. Ricardo P. Rodriguez
Hidalgo County District Attorney
100 N. Closner
Edinburg, TX 78539
* DELIVERED VIA E-MAIL *

Mr. Kevin Ray Rangel
TDCJ# 1878024
Cotulla Unit
610 FM 624
Cotulla, TX 78024

Re:     Cause No. 13-15-00192-CR
Tr.Ct.No. CR-0448-13-H
Style:   Kevin Ray Rangel v. The State of Texas

Enclosed please find the opinion and judgment issued by the Court on this date.

Very truly yours,

Dorian E. Ramirez, Clerk

DER:ch
Enc.
cc:  389th District Court (DELIVERED VIA E-MAIL)
Hon. Laura Hinojosa (DELIVERED VIA E-MAIL)
Hon. J. Rolando Olvera Jr., Presiding Judge, Fifth Administrative Region
(DELIVERED VIA E-MAIL)

NO. 13-25-00192-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI~EDINBURG

---

KEVIN RAY RANGEL                    Appellant,

V.

THE STATE OF TEXAS                  Appellee,

---

On Appeal from the 389th District
Court of Hidalgo County, Texas

---

OBJECTION TO
MEMORANDUM OPINION
[WITH AUTHORITIES]

---

TO THE HONORABLE THIRTEENTH COURT OF APPEALS
DISTRICT OF TEXAS:

Before the Court is Reynaldo Flores, Political
Prisoner, Entrepreneur, Sentinel of Civil and Human
Rights Violations in Texas and Jailhouse Lawyer. Mr.
Flores, is the Central American Citizen who success-
-fully exposed before our Tax Payers and International
Financial Institutions through his acquittal to the
False allegations of Aggravated Kidnapping and Double
Jeopardy Charge of Sexual Assault in 2012-CR-1969 in
Bexar County, Texas. The Criminal operations of the
Texas Judicial System, targeting our Families and

e.g., Appendix F

vulnerable community, with arbitrary kidnappings, torture, and the customary mockery-scheme on jury and bench trials, full of any kind of deceptive and brutal practices; abolished in any primitive society.

Therefore pursuant the holding in Johnson V. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) which struck down a regulation prohibiting prisoners from assisting each other with civil matters and challenge the legality-unconstitutionality of their convictions; the writ-lawyer, Reynaldo Flores, files this Objection to Memorandum Opinion, on behalf of the appellant and political prisoner, Kevin Ray Rangel, victim of International and Domestic terrorism as provides Title 18 U.S.C. § 2331 and in violation to several sections of Title 42 U.S.C., and in support thereof Appellant would show as follow:

## I

The Record reflects that Mr. Rangel, is one more victim of a well premeditated selective and vindictive prosecution, orchestrated by the biological mother of the alleged victim, acting in criminal cahoot with the State, in an effort to insure the appellant and his family and obtain the custody of the minor. Resulting in an outrageous Double Jeopardy and Ex Post Facto conviction, causing irreparable injuries to the Appellant through the disrupted intimate-familial relationship with his children. e.g. Exhibit A₁-A₂. Bordenkircher V. Hayes, 434 U.S. 357, 363 (1978) holding that to punish a person because he has done what the law plainly allows him to do is a due Process violation of the most basic sort.

The State may not separate the parent from the child even temporarily, without according them due process of law to protect their liberty interests. Lassiter V. Dept. of Social Serv., 452 U.S. 18, 27, 101 S.Ct. 2153, 2159, 68 L.Ed.2d 640.

## II

The Record in CR-0448-13-H STATE OF TEXAS V. KEVIN RAY RANGEL, reflects that the Appellant timely filed his Motion For New Trial On June 20th 2013, Pursuant to Rule 26.2 (a)(1)(2) e.g., Exhibit D., Said Motion, was Concealed by the Clerk, LAURA HINOJOSA with the evil intent and deliberate indifference, to injure the Appellant and keep Conspiring against his rights. Therefore Said defendant [LAURA HINOJOSA] is Civil and Criminal Liable pursuant to 18 U.S.C. §§ 1001, 1504, 1506, 1509, 1512 and 42 U.S.C. §§ 1981, 1983, 1985 (2)(3).

Mr. RANGEL learned that both counsels [Victoria Guerra and Joseph A. Connors Coercively embezzled $5000⁰⁰ From his Family], who were hired to timely to set a Hearing; for the timely filed Motion For New Trial or in absence of either a timely Notice of Appeal. Said counsels instead to represent the interest of the Appellant, not solely failed to set a Hearing for the Motion for New Trial, but maliciously conspired with Trial Court, Leticia Lopez, and Tate to obtain a waiver of right of Appeal From Mr. RANGEL, and few days later, VICTORIA GUERRA, in an egregious conduct was demanding additional $5000⁰⁰ in Attorneys Fee. Said actions and outrageous conduct demand immediate redress, pursuant to 42 U.S.C. § 1981, 1983, 1985 (2)(3), 1986 and 1988 and 18 USC § 2331. Bell v. Milwaukee, 746 F.2d 1205 (7th Cir. 1984) quoting Ryland v. Shapiro 708 F.2d 967 (5th Cir. 1983)

## III

the egregious conspiratorial conduct of the trial Court LETICIA LOPEZ., was evident through the failure to appoint an Appellate Counsel and immediate trans fer of the Appellant to Prison in administrative

Segregation; Customary Practice in T.D.C.J., denying access to their victims, to law libraries, legal supplies and denial of access to the court system for several months in order to justify the customary dismissals for lack of jurisdiction. the unconstitutional and offensive practices are being addressed in Flores V. 14th Court of Appeals, Justices, U.S.D.C. S.D.TX NO 7:14-cv-283, Renumbered-Transferred to the U.S.D.C. W.D.TX NO. 5-15-cv-222-xR.

Appellant, RANGEL had to deal with the aforementioned violations, for over 20 months, including the customary sposition of his personal and legal mail in T.D.C.J. the denial of access to Jailhouse Lawyers. etc., e.g.s Exhibit C. Said actions also constitus International and Domestic Terrorism, as provides 18 U.S.C. §2331 (A)(B)(i)(ii)(iii) (C)

Because the Federal Rules and Statutes are supersede over state Rules and Statutes, and the conduct of the government and state courts are grossly offensive to the Magna Carta, this Court of Appeals should reinstate this Appeal, Ordering the defendant, Hidalgo County Clerk, LAURA HINOJOSA, to furnish the Appellant; a truly and correct copy of his records. See Smith V. Johnson, 216 F.2d 521,523 (5th Cir. 2000) Untimely notice of Appeal Liberally construed as timely U.S. V. Harrington, 410 F.3d 598,599-600 (4th Cir 2005) Court did not abuse discretion by accepting Pro Se Petitioner's untimely motion For New Trial, filed within two (2) years.

In Bowles V. Russell, 551. US. 205, 213 (2007) the Supreme Court held that only those rules grounded in statutes are jurisdictional. In U.S. V. Mock, 604 F.3d 133, 135. N.1 (2d Cir. 2010) (Per Curiam) time Limit For Filing Notice of Appeal in Criminal case, not jurisdictional and was subject to forfeiture. U.S. V. Ortiz, 613 F.3d 550, 554 (5th Cir. 2010) Same.

IV

The two (2) years State tolling provision applies to Mr. RANGEL. Appeal; because he has been diligent challenging his False-Constitutional conviction and because there is not court ruling in his Timely Motion For New Trial, rather than the continuous gross violation to his constitutional rights. Therefore the Appellant Prose "Late Notice of Appeal" Filed on April 20 th 2015, should be considered Timely Filed. The International communate and U.S Supreme Court have repeatedly condemned, the evil practices of the Texas Judicial System; such as the execution of arbitrary arrests, torture, convictions and denial of Appeals, by any mean of deception and brutalety. U.S. V. Brewer.

PRAYER. FOR RELEEF

Kevin Rangel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING INSTRUMENT HAS BEEN DELIVERED TO: (1) THE 13th COURT OF APPEALS 901 LEOPARD STREET, TENTH FLOOR CORPUS CHRISTI, TX 78401 ON THE 28th DAY OF MAY. VIA U.S. POSTAL SERVICE FIRST CLASS PURSUANT 28. U.S.C. § 1746

*Kevin Rangel*

KEVIN R. RANGEL
MOVANT PRO-SE #1878024
COTULLA TRANSFER UNIT
610 FM 624
COTULLA. TEXAS
78014

CHIEF JUSTICE
ROGELIO VALDEZ

JUSTICES
NELDA V. RODRIGUEZ
DORI CONTRERAS GARZA
GINA M. BENAVIDES
GREGORY T. PERKES
NORA L. LONGORIA

CLERK
CECILE FOY GSANGER



# Court of Appeals

## Thirteenth District of Texas

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL)
956-318-2403 (FAX)

www.txcourts.gov/13thcoa

Friday, June 05, 2015

Hon. Ricardo P. Rodriguez
Hidalgo County District Attorney
100 N. Closner
Edinburg, TX 78539
* DELIVERED VIA E-MAIL *

Mr. Kevin Ray Rangel
TDCJ# 1878024
Cotulla Unit
610 FM 624
Cotulla, TX 78024

Re:    Cause No. 13-15-00192-CR
Tr.Ct.No. CR-0448-13-H
Style:  Kevin Ray Rangel v. The State of Texas

Dear Sir/Madam:

Pro Se's motion for rehearing in the above-referenced cause was this day marked "received" as untimely filed.

Very truly yours,

Cecile Foy Gsanger, Clerk

DER:am

*e.2. Appendix G, Exhibit A*

CHIEF JUSTICE
ROGELIO VALDEZ

JUSTICES
NELDA V. RODRIGUEZ
DORI CONTRERAS GARZA
GINA M. BENAVIDES
GREGORY T. PERKES
NORA L. LONGORIA

CLERK
CECILE FOY GSANGER



**Court of Appeals**

**Thirteenth District of Texas**

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL)
956-318-2403 (FAX)

www.txcourts.gov/13thcoa

June 9, 2015

Hon. Ricardo P. Rodriguez
Hidalgo County District Attorney
100 N. Closner
Edinburg, TX 78539
* DELIVERED VIA E-MAIL *

Mr. Kevin Ray Rangel
TDCJ# 1878024
Cotulla Unit
610 FM 624
Cotulla, TX 78024

Re:        Cause No. 13-15-00192-CR
Tr.Ct.No. CR-0448-13-H
Style:     Kevin Ray Rangel v. The State of Texas

     Pro Se's motion for rehearing in the above cause was this day DENIED by this Court.

Very truly yours,

*Cecile Foy Gsanger*

Cecile Foy Gsanger, Clerk

CFG:ch

*Co.Ses Appendix G, Exhibit B*

REYNALDO FLORES
NO. 1919203G
640 FM 6891
COTULLA TX 78014

LEGAL MAIL

CLERK ABEL AUSTE
TEXAS COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN TEXAS 78711

